# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| MICHAEL C. ROBINSON,<br><br>                               **Plaintiff,**<br><br>   v.<br><br>**VIKING RIVER TOURS LTD,**<br><br>                               **Defendant.** | Civil Action No.: 2:18-cv-2364-RMG<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

      Plaintiff Michael C. Robinson, by and through their undersigned counsel, submit this Complaint and state as follows:

## PARTIES

      1.     Plaintiff Michael C. Robinson ("Mr. Robinson") is a citizen of South Carolina and resides in Charleston County, South Carolina.

      2.     Upon information and belief, Viking River Tours, LTD ("VRT") is a corporation organized and existing under the laws of Bermuda, with its principal place of business and headquarters in Hamilton, Bermuda.

## JURISDICTION AND VENUE

      3.     This Court has subject matter jurisdiction over the claims in this lawsuit under 28 U.S.C. § 1332(a)(1), in that there is complete diversity between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

      4.     This Court has personal jurisdiction over VRT under South Carolina's Long-Arm Statute, S.C. Code Ann. § 36-2-803 (2018). VRT has established sufficient minimum contacts with the State of South Carolina, or otherwise intentionally availed themselves of the consumer

markets of this State, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

5. VRT, through its agents or otherwise, has purposely availed itself of doing business in the State of South Carolina and has established sufficient minimum contacts by:

   a. maintaining and operating at least two internet websites, www.vikingrivercruises.com and www.vikingcruises.com, accessible to residents of this State;

   b. engaging in routine television advertisements and promotional commercials for their cruise vacations to residents of this State;

   c. entering into contractual relationships with travel agents located in this State to market and sell cruise vacations to residents of this State;

   d. using the mail and postal services of this State to distribute promotional materials for their cruise vacations to residents of this State;

   e. marketing and promoting travel protection plans to consumers in this State;

   f. contracting to insure persons located within this State at the time of contracting; and

   g. engaging in, conducting, and/or carrying on substantial and systematic business in this State, all of which reveal VRT's specific intent to interact with residents of this State.

6. Mr. Robinson and his wife accessed and utilized VRT's website in making their decision to purchase a European river cruise vacation.

7. VRT'S actions and/or omissions caused injury to Mr. Robinson while onboard a European river cruise in the territorial waters of the European Union, and while, at, or during the time of such injury, VRT was engaged in solicitation of business within this State through which they derive substantial revenue.

8. In the alternative, this matter falls under this Court's admiralty and maritime jurisdiction under Fed. R. Civ. P. 9(h).

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3).

10. Personal jurisdiction and venue also are proper in this Court because this is the Court of the State in which Plaintiffs reside, which the Athens Convention 1974 and the Athens Protocol 2002 identify as having jurisdiction in Article 17, paragraph 1(c).

## FACTUAL BACKGROUND

11. On or about February 28, 2017, after witnessing VRT'S extensive marketing campaigns of European river cruises and navigating Defendants' internet websites, Plaintiffs booked and purchased two tickets from Viking Cruises for the "Romantic Danube" river cruise on the Danube River, on the cruise ship *Viking Var*.

12. Prior to Plaintiffs' scheduled embarkation date, VRT notified Plaintiffs they would be traveling onboard the *Viking Tor*, rather than the *Viking Var*.

13. On August 25, 2017, Plaintiffs embarked on the *Viking Tor*, from the Danube River port of Budapest, Hungary.

14. On the evening of August 26, 2017, while onboard the *Viking Tor*, Mr. Robinson tripped on the raised edge of a step on the vessel's staircase.

15. Upon information and belief, VRT's inaction in reaffixing or replacing the rubber strip on the edge of the stairs, which were subject to heavy and frequent foot traffic, caused the strip to be raised.

16. The raised, rubber edge of the stair presented a dangerous condition on the vessel and constitutes a defect in the ship.

17. This defect caused Mr. Robinson to trip and fall down the flight of stairs.

18. Mr. Robinson tumbled down the stairs until he hit an abutting pole at the bottom of the stairs, severely injuring his head and neck and rendering him unconscious for several minutes.

19. At no point after the Robinsons left the vessel by ambulance on August 26, 2017 did VRT contact the Robinsons to check on them, ensure their safety, or otherwise express any concern for their wellbeing.

## FOR A FIRST CAUSE OF ACTION
(Strict Liability)

20. Plaintiffs incorporate the foregoing paragraphs of this Complaint as if set forth verbatim herein.

21. Because the August 2017 "Romantic Danube" cruise on which Mr. Robinson was gravely injured departed from and terminated at European ports without any contact with a U.S. port, the following apply to Plaintiff's claims:

   a. The Athens Convention Relating to the Carriage of Passengers and Their Luggage by Sea, 1974; and

   b. The Athens Protocol 2002 (effective April 23, 2014).

22. The Athens Protocol 2002 defines a "shipping incident" as "the shipwreck, capsizing, collision, or stranding of the ship, explosion or fire in the ship, or defect in the ship."

23. The Athens Protocol 2002 further provides that if the death or personal injury of a passenger is caused by a "shipping incident," then the carrier is strictly liable therefor unless the carrier proves that the incident resulted from "an act of war, hostilities, civil war, insurrection or a natural phenomenon of an exceptional, inevitable and irresistible character, or was wholly caused by an act or omission done with the intent to cause the incident by a third party."

24. The defect in the *Viking Tor* at issue in the instant action, specifically VRT's use of rubber strips on the edge of the highly-trafficked stairs, was not the result of any act that would eliminate VRT's strict liability.

25.    For Mr. Robinson, VRT's continued use of the unreasonably dangerous raised, rubber strip on the edge of the stairs of the *Viking Tor* was a "shipping incident," which proximately caused Mr. Robinson's trip, fall, and resulting permanent bodily injuries.

26.    As a result of the shipping incident, Plaintiffs have suffered actual and consequential damages, including lost profits, for which damages VRT is strictly liable.

### FOR A SECOND CAUSE OF ACTION
(Negligence)

27.    Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth verbatim herein.

28.    Defendant owed Plaintiff a duty to exercise reasonable care under the circumstances and to keep and maintain the vessel in a reasonably safe condition.

29.    Defendants breached its duties to Plaintiff in the following particulars:

   a. Failing to provide a safe, trip-free staircase for passengers to use;
   b. Failing to inspect the staircase to ensure the rubber edge did not become raised and pose a trip hazard;
   c. Failing to warn Plaintiff of defects and unreasonably dangerous conditions of the staircase;
   d. Failing to promulgate and enforce vessel-specific policies and procedures for inspection of the passenger staircases and other thoroughfares; and
   e. In other particulars as may be proved at the trial of this case.

30.    As a direct and proximate result of the Viking Defendants' willful, wanton, and reckless departures from the standards of care owed to Plaintiff, Mr. Robinson has endured permanent bodily injuries; pain and suffering; mental anguish; stress and anxiety; loss of enjoyment of life; lost earnings; lost earning capacity; and Plaintiffs have incurred significant medical expenses.

31.     Plaintiff is entitled to actual, special, and punitive damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiff pray for a judgment of this Court to:

i.      Award Plaintiff the actual and compensatory damages set forth above, including without limitation special damages;

ii.     Award Plaintiff punitive damages under applicable law;

iii.    Tax the costs of this action against VRT;

iv.     Provide such other relief in this action as may be just and proper; and

v.      Provide for a jury to determine all issues of fact.

This 24th day of August, 2018 at Charleston, South Carolina.

                                              s/ Julie L. Moore
                                              Brian C. Duffy (Fed. Bar No. 9491)
                                              Julie L. Moore (Fed. Bar No. 11138)
                                              Kara Kennedy (Fed. Bar No. 12154)
                                              DUFFY & YOUNG, LLC
                                              96 Broad Street
                                              Charleston, South Carolina 29401
                                              (843) 720-2044 (phone)
                                              (843) 720-2047 (fax)
                                              bduffy@duffyandyoung.com
                                              jmoore@duffyandyoung.com
                                              kkennedy@duffyandyoung.com
                                              *Attorneys for Plaintiff*